# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50494
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIX ANTONIO JIMENEZ-QUELIX, also known as Harly Canales,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-48-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Felix Antonio Jimenez-Quelix (Jimenez) appeals the 57-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). He argues that the guidelines range was too high to fulfill § 3553(a)'s goals because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50494

U.S.S.G. § 2L1.2 is not empirically based and effectively double counts a defendant's criminal record.  Jimenez also contends that the range overstated the seriousness of his nonviolent reentry offense and failed to account for his personal history and characteristics.

Because Jimenez did not argue in the district court that his sentence was unreasonable, his argument is reviewed for plain error only.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *see also Puckett v. United States,* 556 U.S. 129, 135 (2009).  He acknowledges that his failure to object to his sentence in the district court results in the application of the plain error standard of review, conceding that the issue is foreclosed by *Peltier*; however, he notes that the circuits are divided on whether a failure to object to the reasonableness of the sentence upon its imposition requires plain error review, and he seeks to preserve that issue for possible review by the Supreme Court.

As Jimenez's sentence was within the guidelines range, a presumption of reasonableness applies.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  To rebut the presumption of reasonableness, a defendant must show that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors.  *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, Jimenez argues that the presumption of reasonableness should not apply because the illegal reentry Guideline lacks an empirical basis.  As Jimenez concedes, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

No. 14-50494

We have consistently rejected "double counting" arguments and arguments that § 2L1.2 results in excessive sentences because it is not empirically based. *See Duarte*, 569 F.3d at 529-31. We also have rejected the "international trespass" argument that Jimenez asserts. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

The district court considered the § 3553(a) factors, including Jimenez's personal history, before imposing the sentence. Jimenez's motives for reentry are not sufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). He has not shown that the district court failed to give proper weight to his arguments or any particular § 3553(a) factor and thus fails to demonstrate that the district court plainly erred. *See Cooks*, 589 F.3d at 186. The judgment of the district court is AFFIRMED.